OaRuthees, J.,
delivered the opinion of the court.
This aetion is brought against ¥m. Philips, as one of the sureties of Samuel Boughton, on his official bond as sheriff of Stewart county, for money collected on an execution in favor of ¥m. McNichol, and not paid over.
A single question of evidence is raised in the case. The plaintiff offered to prove on the trial, by J. S. James, that while the said Samuel Boughton was sheriff of Stewart county, but after the return day of the plaintiff’s execution, that he heard Boughton say “that he had not paid over to McNichol the money he had collected on said execution.”
This evidence was objected to, and excluded by the court. This was clearly right. In order to make the declarations and statements of the principal good against *385 the surety, in these kind of bonds, they must be made when, the business is transacted, and in connection with it, so as to become a part of the res gestee. They can be admitted on no other principle. The surety is bound for the acts and conduct of his principal, and not for what he may say he had done. It being, then, only for the acts of the sheriff, that his surety is bound, these acts must be made out by competent evidence, and not by the declarations of the sheriff at a subsequent time, and unconnected with any official action then transpiring, of which such declarations would constitute a part, so as to fall under the rule laid down in 1 Greenleaf on Ev., § 187, and other sections. In the case of Young et als. vs. Hare, 11 Humph., 303, this rule is fully ■ recognized; but the written acknowledgments of Young, that he had received money as clerk of Jackson circuit court, for Hare, as jailor, on sundry bills of cost, .were admitted, because that was a motion or proceeding against the officer, Young, and his securities; and being good evidence against him, it could not be excluded.
Ve think there is no error, and affirm the judgment.