IBBITSON *v.* BROWN.

In trespass, evidence that persons other than the defendant, threatened to commit the acts complained of, should be followed up by evidence at least tending to show that the persons making the threats, committed the acts, or else such testimony should be excluded from the jury.

As a general rule, the admissions or declarations of a person not a party to the record, are not admissable in evidence, in the absence of better testimony.

Where in an action of trespass for killing a bull, it appeared from the evi. dence, that the bull was killed by being castrated, and that the defendant committed the act; and where the defendant offered a witness to prove that B. and D. had told the witness that the defendant had nothing to do with the castration of the bull; that they themselves had done the act; that B. and D. at the time of the conversation, were leaving the state, in consequence thereof; that this conversation took place about the time the bull was killed; that D. left the state before the trial before the justice, and B. some two months after the trial; that D. was then dead; and that B. resided in the state of Illinois, to which evidence the plaintiff objected, but the objection was overruled, and the evidence permitted to go to the jury; *Held,* That the evidence was improperly admitted.

*Appeal from the Des Moines District Court.*

FRIDAY, APRIL 9.

In an action commenced before a justice of the peace, the plaintiff claimed of the defendant one hundred dollars for killing his bull. The cause was taken by appeal to the district court, and on the trial, evidence was given by plaintiff, tending to show that the bull was killed by being castrated, and that defendant was the person who had committed the act. The plaintiff also proved the value of the

bull, and that defendant had threatened to castrate all bulls running at large in his neighborhood.

The plaintiff having rested, the defendant offered to prove that other persons, about the same time, had threatened to castrate bulls in the neighborhood; and offered a witness to prove that one Bailey, and one Devore, had told the witness that Brown, the defendant, had nothing to do with the castration of the bull; that they themselves, (Bailey and Devore), had done the act, and were, at the time of the conversation, leaving the state in consequence thereof; that this conversation took place about the time the bull was killed; that Devore left the state of Iowa before the trial before the justice of the peace, and Bailey some two months after the trial; and that Devore is now dead, and Bailey resides in the state of Illinois. To the introduction of this testimony, the plaintiff objected, but his objection was overruled by the court, and the evidence permitted to go to the jury. A verdict having been returned for the defendant, a motion to set the same aside, and grant a new trial, was overruled, and judgment entered on the verdict, from which the plaintiff appeals.

*Starr & Phelps*, for the appellant.

*Browning & Tracy*, for the appellee.

STOCKTON, J.—As to the evidence of threats made by other persons, to castrate bulls in the neighborhood, we are of opinion that it should either have been excluded altogether, or the court should have told the jury, that such testimony was entitled to no weight whatever, unless followed up by evidence at least tending to show, that the persons making the threats, committed the act complained of.

In admitting the testimony of the witness as to the declarations of Bailey and Devore, the ruling of the district court was clearly erroneous. It was only hearsay, at the best; and for the purpose of proof in a court of justice,

the controlling reason operates to its rejection, that it cannot be submitted to the ordinary tests which the law has provided for the ascertainment of the truth—the obligation of an oath, and the opportunity afforded for a cross-examination; for these, or equivalent ones, are the guarantees of truth, which the law, in ordinary cases, invariably requires. Where a witness to facts might be produced and examined on oath, little doubt can be entertained, that hearsay evidence of his mere declarations, heard and detailed by another, ought to be excluded; so infinitely inferior in degree must such hearsay evidence be, when compared with direct testimony delivered in open court. 1 Starkie Ev.,38-39. If admissions of another person were receivable in evidence, in default of better evidence, the uncertainty which would result from its general reception, would far outweigh the benefit which might possibly be derived from its admission in particular instances.

A general rule which admitted the mere statement of one man to be used against another, on the ground that such statement was apparently against the interest of him who made it, though it might occasionally tend to the ends of justice, would in other instances, be productive of mischief and injustice. As a general rule, the law excludes all mediate or hearsay evidence, or mere hearsay declarations, made to those who are sworn and examined. In so doing, though the truth may sometimes be excluded, ample compensation is made by the further exclusion of a mass of evidence which would tend to deceive and mislead. Great latitude is justly allowed by the law, to the reception of indirect or circumstantial evidence; but it interferes to exclude all evidence which falls within the description of "*res inter alios acta*;" the effect of which is, to prevent a litigant party from being concluded, or even affected, by the evidence, acts, conduct or declarations of strangers.

An admission by a stranger, cannot safely be received as evidence, either for or against a party. It may be a mere artifice, resorted to for the purpose of shifting responsi-

bility from the guilty party. It may have been made, not because the fact admitted was true, but from motives, and under circumstances, entirely collateral; or even collusively, and for the very purpose of being offered in evidence. For a full discussion of the subject of hearsay evidence, see 1 Starkie on Evidence, 27-42-61.

If Bailey and Devore killed the plaintiff's bull, it was proper that defendant should be permitted to show that fact, and that it should go as far as allowable to exculpate himself. But it was quite as inadmissable, that he should prove it by the hearsay admissions and declarations of Bailey and Devore, as that plaintiff should be permitted to prove in the same way, that defendant killed the bull. *Commonwealth* v. *Chabbock*, 1 Mass., 144.

Judgment reversed.