Jakie Cox *v.* The State.*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

*On the general rule as to admissibility in favor of accused in criminal case of extrajudicial confession by stranger, see annotation in 35 A. L. R., 441.

Bates, Shea & Frazer, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a conviction of voluntary manslaughter. The defense is that a third person did the killing. The assignments of error challenge (1) the preponderance of the evidence, and (2) the exclusion of testimony of an admission by a third person that he shot the deceased.

■ The killing occurred in a place run for negroes as a restaurant and dance hall. A crowd had congregated there. Deceased being involved in a war of words with a negro woman, plaintiff in error entered into the dispute, drew his pistol from beneath the counter, held it on and searched deceased, and hit him on the head with the pistol, inflicting a wound which seems to have been

a fracture of the skull. A tussle followed and plaintiff in error's gun was discharged once, ranging toward the floor. Thus far there is practically no dispute on the record. Plaintiff in error says that at this point one Shannon, another negro employed by him about the place, shot deceased several times. He is supported in this by his cook or assistant, Lillian Sanford, and his wife testified that when he came home shortly after the killing there was but one discharged shell in the pistol.

On the other hand, the State not only showed, as narrated above, that plaintiff in error was the aggressor in drawing his pistol, and threatening and violently assaulting deceased with it, but proved by an eyewitness that it was plaintiff in error who in the scuffle shot deceased. Moreover, it is shown that plaintiff in error, when arrested shortly after, freely stated to the officer that he had shot the deceased and he admits on the stand that he did not then, or later at the jail suggest that it was not he but Shannon. This strongly suggests that this theory is an afterthought. Moreover certain manipulations of the pistol when the weapon was called for by the officer are suggestive of guilt. We are unable to say on this record that the evidence preponderates against the guilt of the accused.

█ It was sought to prove by the wife of plaintiff in error, Cox, that she had received a letter signed by one Charles Shannon, postmarked Pine Bluff, Arkansas, and dated since the homicide, in which he stated that he had shot and killed the deceased to keep him from killing Jakie Cox. This testimony was excluded, and correctly so.

█ Where the defense to a criminal charge is, as in this case, that a third person committed the offense,

the admission or confession of such person, made after the perpetration of the crime, and not a part of the *res gestae*, is not admissible. To this effect are our holdings in *Peck* v. *State*, 86 Tenn., 259, approving *Sible* v. *State*, 3 Heisk., 139; also *Rhea* v. *State*, 10 Yerg., 257.

Learned counsel for plaintiff in error rely on *Hensley* v. *State*, 9 Humph., 243, but this case was distinguished, if not disapproved, in *Peck* v. *State, supra,* and it is clearly distinguishable from the instant case in this: As was said in the Peck case, "here the declaration sought to be proven was made after the crime; here the case rests upon direct, and not circumstantial, evidence, though there is a conflict in the testimony." The distinction thus recognized between declarations made before and after the crime is vital and in accord with a principle well settled.

*Green* v. *State,* 154 Tenn., 26, is relied on, but the holding therein is not in conflict with this principle. While *Hensley* v. *State,* is therein quoted, and *Peck* v. *State,* is not referred to, the evidence held in *Green* v. *State,* to be admissible was of hostile feelings expressed by the third person *before* the killing, tending to establish a motive on the part of this third person for shooting the deceased, and not expressions, declarations or admissions made *after* the crime. So in *Self* v. *State,* 6 Baxt., 244, quoted from and followed in *Green* v. *State,* the evidence held admissible was of threats made *before* the killing. This element of time is essential. The inducement and opportunity for fabrication of testimony underlies the distinction, sound in principle and sustained quite generally by authority. This assignment also must be overruled, and the judgment affirmed.