Tom Love Company, Complainant, Appellee, *v.* Maryland Casualty Company, Defendant, Appellant.

*(Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

A. G. RILEY, for complainant, appellee.

E. B. KLEWER, for defendant, appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant sued to recover upon a policy of indemnity against burglary of merchandise. The sharply controverted question of fact was whether the goods were taken by entry through force and violence evidenced by visible marks on the premises. The issues, submitted to the jury, were whether or not complainant's warehouse was burglarized, and if so what goods were taken.

Under the charge, in which we find no prejudicial error, the jury found that the house was burglarized through forcible entry evidenced by visible marks of violence and goods of the value of $6300 carried away. The chancellor rendered a decree upon the verdict, which the Court of Appeals affirmed.

Before the trial Fred M. Stubblefield was arrested for the burglary and made a written confession to Inspector Griffin, and an oral statement to Mr. Tom Love, disclosing with particularity all the facts attending the burglary. He was convicted of burglary and as a result was disqualified as a witness by the judgment of infamy. The chancellor admitted Stubblefield's extrajudicial statement to Inspector Griffin and Mr. Tom Love disclosing the facts of the burglary over the objection of the defendant. The Court of Appeals held the statements admissible as a declaration against interest because they subjected Stubblefield to both civil and criminal liability

by statute (Code, 10913-11795) and the common-law (*Scruggs* v. *Davis,* 5 Sneed, 261), and because Stubblefield was unavailable as a witness by reason of the judgment of infamy.

■ No rule is more familiar than that which requires the exclusion of unsworn statements or hearsay offered as evidence. Such statements are excluded because they have not borne the test of cross-examination and are given without the sanction of an oath. There is no opportunity of inquiry into the character of the declarant and his motives for making the statement. Those who repeat such declarations to the court stand upon the simple assertion that the statements were made, and are not obliged to enter into particulars or explain ambiguities in the declarant's statement. If called upon to do so, they could satisfy the inquiry by repeating what they heard.

■ There are, however, exceptions to the hearsay rule which authorize the reception of admissions and declarations against interest. Declarations—to be distinguished from admissions—as to facts relevant to the matter of inquiry are admissible in evidence when it appears that the declarant is dead, that the declaration was against his pecuniary or proprietary interest, and that he had no probable motive to falsify the fact declared.

Text-writers, asserting that a litigant has a substantive right to prove his case whether he has one or not, criticize the courts for excluding certain declarations and insist that administrative necessity requires the admission of extrajudicial assertion of an unavailable witness when the case is absolutely dependent upon his unsworn statement, regardless of the cause of his unavailability. In a few cases, appellate courts, apparently wincing un-

der the prod of criticism, have relaxed the rule and extended the exception beyond declarants whose evidence became unavailable by death. For instance in *Webber* v. *Railway,* L. R. A., 1918A 625, 175 Iowa, 368, a divided court held insanity, calling it mental death, a ground of unavailability and admitted the declaration. But the majority said: "We do not want to be understood as extending the rule, in the exception to hearsay evidence heretofore referred to, beyond the record in this case."

In *Griffith* v. *Sauls,* 77 Tex., 630, the declaration of a witness unavailable because of his physical condition was held admissible.

Beyond these we find no cases directly in point, and find no authority for extending the rule beyond unavailability by death.

Cases involving the admissibility of declarations by parties and others identified in interest with them are not in point. In our case of *Overton* v. *Hardin,* 6 Cold., 375, the inclusion rested upon the rule that the declaration of parties identified in interest is admissible as primary evidence.

In *Horton* v. *Lyons,* 97 Tenn., 180, and *Brooks* v. *Neely,* 95 Tenn., 262, the statements attending the transaction were admissible as part of the *res gestae.*

Another class of cases hold declarations against title by an owner in possession against those claiming under him admissible as primary evidence. For the distinction see 22 C. J., 232; 2 Jones on Evidence, section 327, and 4 Chamberlayne, section 2770. Neither are cases in point that involve the reception of secondary proof of evidence given at a former trial, for that character of evidence is beyond the scope of the hearsay rule, being unaffected by the mischiefs against which the rule is directed.

The distinction between the reception of admissions, the reception of evidence given upon a former trial, and the reception of declarations by parties and their privies or agents, and the reception of declarations against interest, cannot be fused by any sort of intellectual metabolism as is attempted in some instances, so as to interchangeably use the several rules to let in hearsay.

■ The weight of authority is against the unreasonable extension of the exceptions to the rule and most of the cases hold that it is only when the declarant is dead that his declaration against interest will be received. Reasoning and authority support the conclusion that the exception should not be extended to include infamy along with insanity and death as another ground of unavailability authorizing the reception as evidence of the statement of a witness subsequently adjudged infamous.

■ The parties to this litigation are the insured and the insurer. Stubblefield, the burglar, was not a party to the contract of insurance nor a representative of the parties. It was error to admit his unsworn statement as evidence. For a discussion of the principles underlying the rule applied, in addition to the authorities already mentioned, we refer to 4 Chamberlayne, section 2780; *Smith* v. *Hanson,* 18 L. R. A. (N. S.), 520; *Penner* v. *Cooper,* 4 Mun. (Va.), 548; *Ibbettson* v. *Brown,* 5 Iowa, 532; *Machaska County* v. *Ingalls,* 16 Iowa, 91; *United States* v. *Mulholland,* 50 Fed., 419, and our own cases of *Peck* v. *State,* 86 Tenn., 267; *Rhea* v. *State,* 10 Yerg., 258; *Draper* v. *Stanley,* 1 Heisk., 432; *Middle Tennessee Railroad* v. *McMillan,* 134 Tenn., 490; *Adcock* v. *Simon,* 2 Tenn. App., 617; *Brier Hill Collieries* v. *Pile,* 4 Tenn. App., 468; *Horton* v. *Lyons,* 97 Tenn., 180; *Nichol* v. *Ridley,* 5 Yerg., 62; *Wright* v. *State,* 9 Yerg., 341; *Cox* v. *State,* 160 Tenn., 221.

Other assignments of error directed to the charge and to the refusal of the court to direct a verdict are without merit. For error in admitting the confession and statement of Stubblefield as evidence in the cause, the judgment of the Court of Appeals is reversed and the cause remanded to the Chancery Court of Shelby County for another trial.