## CLARK & JONES, Inc. v. AMERICAN MUT. LIABILITY INS. CO.

### Civ. A. No. 2147.

United States District Court
E. D. Tennessee, N. D.

June 5, 1953.

Frost & Jacobs, Cincinnati, Ohio, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for plaintiff.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, Ohio, Richard W. Todd, Cincinnati, Ohio, Clyde W. Key, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This is an action to recover on a comprehensive crime policy carried by defendant as insurer in favor of plaintiff against defalcation of plaintiff's employees, the limit of the policy being $25,000, the defalcation resulting in loss to plaintiff being that of Neil Godwin, in the alleged amount of $9,587.50. The complaint says that the insurer was notified of the default and claim made for indemnity, which has been refused. The complaint, as amended, also sets out the coverage provisions relied on, alleges that nonpayment is in bad faith, for reason of which plaintiff sues also for the statutory penalty provided by Tennessee Code § 6434.

Defendant has moved to strike from the amended complaint the following paragraph:

"On November 17, 1951, and at the time of the discovery above referred to, the said Neil Godwin stated both orally and in writing, voluntarily and in the presence of witnesses, that during the five year period immediately prior thereto that he had taken from the plaintiff's funds and appropriated for his own use approximately six dollars and fifty cents ($6.50) per day. The said Neil Godwin died on or about December 11, 1951."

The motion to strike is on the ground that the quoted paragraph "is irrelevant and immaterial to any issue involved herein, and

any evidence in support of said averment would be inadmissible as against this defendant." In support of defendant's proposition, a number of Tennessee cases are cited. These cases will now be discussed. One of the cases cited is, Cobb, Welsh & Co. v. Johnson, 1854, 34 Tenn. 73. Here a slave of plaintiff (Johnson) was hired to defendant for use in ore operations. The slave was killed by a falling ore bank and an action brought in trover for conversion. Verdict and judgment for plaintiff was reversed because of admission of certain statements and admissions of one Perkins, an agent of defendants. The admissions and statements of Perkins were made the day after the slave was killed.

The court said:

"Perkins was a competent witness for either party, and could have been introduced, if his evidence was desired.

"The declaration of an agent is not evidence against his principal, unless they are directly connected with, and made a part of the transactions of the agency. If they be at a time subsequent to the act, or unconnected with it, they are hearsay, and therefore inadmissible. To make the statements of Perkins competent, they must have been made at the time the thing under investigation occurred, so as to constitute a part of it.

"This is what is meant by the res gestae. 1 Greenl. on Evidence, 113, 114, Nelson v. State, 2 Swan. [Tenn. 237] 260; Trousdale v. Philips, [2 Tenn.] 384."

In the Cobb case the declarant was living and available as a witness. The declarant was not the principal of a surety; he was the agent of a principal—servant of a master. In the case here, the declarant is dead, his unavailability being an essential point in favor of admission of the declaration. Also, this is a declaration by a principal against the interest of the principal (Neil Godwin) as well as against the interest of the surety on his bond. Plaintiff says, also, that he was apprehended in the act of embezzlement. If that should prove to have been so, the declaration might be regarded as part of the res gestae.

Another case cited is Trousdale, etc. v. Philips, 1852, 32 Tenn. 384, where an action was brought against a surety for the sheriff, who had defaulted. Some time after the default one James allegedly overheard the sheriff admit his default. It was held that the testimony of James as to the overheard statement was rightly excluded.

The court said, 32 Tenn. at page 384:

"In order to make the declarations and statements of the principal good against the surety, in these kind of bonds, they must be made when the business is transacted, and in connection with it, so as to become a part of the res gestae. They can be admitted on no other principle. The surety is bound for the acts and conduct of his principal, and not for what he may say he had done. It being, then, only for the acts of the sheriff that his surety is bound, these acts must be made out by competent evidence, and not by the declarations of the sheriff at a subsequent time, and unconnected with any official action then transpiring, of which such declarations would constitute a part, so as to fall under the rule laid down in 1 Greenleaf on Evidence, sec. 187, and other sections. In the case of Young et al. v. Hare, 11 Humph. [Tenn.] 303, this rule is fully recognized; but the written acknowledgements of Young, that he had received money as clerk of Jackson circuit court, for Hare, as jailor, on sundry bills of cost, were admitted, because that was a motion or proceeding against the officer, Young, and his securities; and being good evidence against him, it could not be excluded."

In the Trousdale case, the declarant, for all that appears, was living and available as a witness. Also, the declaration was not a part of the res gestae.

Defendant further cites Young v. Hare, 1850, 30 Tenn. 303, wherein an action was brought against Young, clerk of the circuit court, and against his sureties, to recover funds collected for but not turned over to Hare, as jail fees. Judgment for Hare was affirmed.

Young, the clerk, admitted in writing that he had obtained the fees. The sureties objected to admission of the writing, on the ground that it was not made in the performance of his office. But the court observed that the main action was against Young and that a judgment against him became by statute good against his sureties, thus taking the case out of the common law.

The court said, however, 30 Tenn. at page 304:

"In an action against the surety upon his collateral undertaking, the general rule is, that if the declarations of the principal were made during the transaction of the business for which the surety was bound, so as to become part of the res gestae, they are admissible as evidence, otherwise not."

Also cited by defendant is Snell and McGavock v. Allen, 1851, 31 Tenn. 208, wherein an action was brought against Snell and McGavock as sureties of Temple, a constable. Judgment for plaintiff was reversed, the court saying:

"We place the decision of the case upon the principle that the negligence of the plaintiff to follow up his lien, by causing process to issue to subject the property attached to the satisfaction of his judgment, must be treated as an abandonment of the lien."

On the matter of declarations of a principal, the court said:

"But the declarations of a principal are not, in general, evidence in an action against the surety upon his collateral undertaking unless made during the transaction, so as to become part of the res gestae."

It is not clear from the factual statements just how the question of admissibility came up and whose declaration was sought to be proved.

Defendant has also cited Wheeler v. State of Tennessee, 1872, 56 Tenn. 393. It appears in this case that Wheeler, a notary public, failed to give notice of protest to the only solvent surety on a note, thus causing loss to the holder of the note. This giving of notice was held to be his duty as a public official, hence failure to give the notice was a breach of his bond. Action was brought against Wheeler, the notary, and against his surety bondsmen. At the trial plaintiff was permitted to prove that at a former trial (on the note) Wheeler, the notary public, admitted his delinquency. As to admission of this evidence, the court said,

"This was clearly erroneous. Wheeler's declarations after the act complained of, as to what he had done, are not admissible against his sureties."

There seems to be some inconsistency between this and the Young case, supra, due possibly to the statutory feature of the Young case.

In further support of the motion to strike is the case of A. J. White v. German National Bank of Memphis, 1872, 56 Tenn. 475. White was a surety on the fidelity bond of one Otten, bookkeeper at the above-named bank. He, Otten, became delinquent and action was brought by the bank on the bond. Prior to suit, Otten admitted to bank officials that he was delinquent in his duties, having concealed his own overdrafts. It was held to have been error to admit in evidence this declaration of Otten, the principal, in the action against the surety on the bond.

The court followed the rule laid down in 1 Greenleaf on Evidence, sec. 187, to the effect that declarations of the principal made during the transaction of business for which the surety was bound, are admissible as part of the res gestae. Such declarations, subsequently made, are not admissible.

In opposition to the motion to strike, plaintiff relies on certain sections from Wigmore and Greenleaf on Evidence, and the case of Tom Love Co. v. Maryland Casualty Company, 1933, 166 Tenn. 275, 61 S.W.2d 672. In that case an action was brought against the surety on a burglary insurance policy, in which case it was held to be reversible error to admit the confession and declaration of the burglar to the effect that he burglarized the premises, the material question being whether the goods were lost by burglary or by theft. The evidence did not come within any of the exceptions to the hearsay rule.

The court said, 166 Tenn. at page 277, 61 S.W.2d at page 673:

"Declarations, to be distinguished from admissions, as to facts relevant to the matter of inquiry, are admissible in evidence when it appears that the declarant is dead, that the declaration was against his pecuniary or proprietary interest, and that he had no probable motive to falsify the fact declared."

The burglar was unavailable as a witness because he had been convicted of the burglary and thus rendered infamous, but the court rejected this kind of unavailability, being unwilling to extend the exceptions made where the declarant is dead. Another reason for inadmissibility of the burglar's declaration was his not being a party to the insurance contract, his declaration not being, therefore, against his pecuniary or proprietary interest.

See, as other authorities relied on by plaintiff, Wigmore on Evidence, sec. 1474, and Greenleaf on Evidence, secs. 147, 148, 171, 178, 187, and 191.

A case not relied on by either party but which in the Court's opinion sheds light on the subject is Overton v. Hardin, 1869, 46 Tenn. 375. There one Blythe was maker of a note. Overton was endorser. This was an action by the holder against the endorser. The endorser, Overton, offered to prove the declaration of Blythe that he sold the note to Hardin before its maturity; that Overton was an accommodation endorser for Blythe; that Blythe used the note for a purpose other than the one for which it was endorsed. This declaration was made after the sale of the note to Hardin and was not immediately a part of the transaction. Blythe died before the lawsuit was tried. The court observed that the declaration by Blythe was against his pecuniary interest, for the reason that in an action against him on the note he would have been liable to Overton, the endorser, for costs, because of the accommodation character of the endorsement, whereas he would not have been liable for costs on a regular endorsement.

The Supreme Court held that reversible error was committed in excluding the declaration. The declaration, along with other matters attending making, endorsing and negotiating of the note, "all were legal evidence, as parts of the res gestae, or as declarations of Blythe, before he parted with the note * * *."

The court said, 46 Tenn. at page 380:

"But it seems to be well settled, that the declarations of a party having competent knowledge of the facts, and at variance with his own interest, are admissible after the death of the declarant as original evidence, without reference to the time when they were made, or to the question whether the party, if alive, would be a competent witness or not. Such are admitted on the ground of their intrinsic credibility, and the extreme improbability that a party under such circumstances, would state anything but the truth."

It is believed that the case of Overton v. Hardin states the rule applicable to this case. That rule includes the following ingredients: (1) that the declarant has died; (2) that the declaration was made with respect to matters within his knowledge; (3) that the declaration was against his (pecuniary or proprietary) interest; and (4) that the declarant had no motive to falsify the facts declared.

From the other cases cited, it appears that a different rule of law comes into operation where the declarant is living. To make the declaration admissible in such case, it must appear: (1) that the declaration was against the pecuniary interest of the declarant, and (2) that the declaration was part of the res gestae.

In the present case, the declarant is admittedly dead, which satisfied requirement number 1 in the first group above.

The declaration was made with respect to matters within the declarant's knowledge, which satisfies the second requirement.

The declaration was against the declarant's pecuniary interest (as opposed to his penal or criminal interest). This is because, having taken money which did not belong to him, he could be required to make restitution.

The fourth requirement has in its favor "the extreme improbability that a party under such circumstances would state anything but the truth."

The Court is of the opinion that the cases cited herein are correctly analyzed and in conclusion that the motion to strike should be overruled.

Let an order to that effect be prepared.