Fred E. BREEDEN et ux., Petitioners,

v.

INDEPENDENT FIRE INSURANCE COMPANY, Respondent.

Supreme Court of Tennessee.

Dec. 1, 1975.

Hugh F. LaRue, III, Flynn & Flynn, Knoxville, for petitioners.

David E. Smith, Hodges, Doughty & Carson, Knoxville, for respondent.

## OPINION

HENRY, Justice.

This civil action presents for solution the question of the admissibility, in a civil action, of a declaration against penal interest.

### I.

This issue arises in the context of a civil suit by insured property owners seeking to recover the full coverage under a standard fire insurance policy, wherein the defendant insurance company's sole defense was arson.

The case was tried to the court and jury and resulted in a verdict for the plaintiff. Upon appeal, the Court of Appeals unanimously reversed.

This controversy stems from the efforts by the defense to present the testimony of an allegedly hired arsonist, and, failing in that, to present his signed confession.

At the conclusion of the plaintiff's proof, the defendant called Donny Simpson, whose name had been alluded to various times during the presentation of plaintiff's proof. It is apparent from reading the record that the trial judge was alerted to the fact that Simpson, a nineteen year old man, was going to testify that he had burned the building as the hired agent of the insured. The trial judge concluded that he was under an obligation to conduct a voir dire examination of this witness, out of the presence of the jury. As a result of that examination, the witness elected to claim his rights under the Fifth Amendment to the Constitution of the United States; he then declined to testify.

Defendant thereupon offered to read the extra-judicial confession of this witness, made on August 27, 1973, after having been given proper *Miranda* warning, to members of the Knoxville Police Department and signed in the presence of three attesting witnesses. The sum and substance of this confession was that he, and a companion, burned the insured's building, at his request, on the night of June 14, 1972, using gasoline placed in the house for that purpose by the insured. For this act they were paid the sum of $100.00 by the insured, Fred E. Breeden. The defendant insurance company offered this confession in evidence, with proper foundation, but the trial

judge ruled it to be inadmissible. It appears in the record marked for identification.

## II.

The admissibility of a declaration against penal interest, one of the expanding exceptions to the hearsay evidence rule, has not been addressed by the courts of this jurisdiction. The matter is squarely raised by the assignments of error in this case and we conclude that it is in the public interest and in the best interests of the administration of justice that we recognize this exception and formulate guidelines for its application. We do so, however, only in the context of civil actions.

▆▆▆ Preliminarily, and as a predicate for the ensuing discussion, we point out that as a general rule, unsworn extra-judicial declarations by one who is not a party to an action are hearsay and inadmissible. One of the major exceptions to the hearsay evidence rule recognizes declarations against the pecuniary or proprietary interest of the declarant. This rule is bottomed largely upon the premise that such declarations are reliable because it is contrary to human nature for one to make an assertion at variance with his financial, pecuniary or proprietary best interests.

Any discussion of this fascinating and sometimes frustrating evidentiary rule, or exception, must begin with the famed *Sussex Peerage Case,* 8 Eng.Rep. 1034 (decided by the House of Lords in 1844), holding that declarations solely of a penal nature were not admissible under any circumstances.[1]

The landmark American Case is *Donnelly v. United States,* 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820 (1913). In this criminal action the Court held that the statement of a witness that he committed the murder, for which Donnelly was tried, was not admissible. Justice Holmes, in a ringing dissent, and with unassailable logic, declared:

The rules of evidence in the main are based on experience, logic, and common sense, less hampered by history than some parts of the substantive law. There is no decision by this court against the admissibility of such confession; the English cases since the separation of the two countries do not bind us; the exception to the hearsay rule in the case of declarations against interest is well known; no other statement is so much against interest as a confession of murder . . . 228 U.S. at 277, 33 S.Ct. at 461.

Professor Wigmore called this a "barbarous doctrine", and, in Vol. 5, *Wigmore on Evidence,* at Section 1477, went more in detail:

The only practical consequences of this unreasoning limitation are shocking to the sense of justice; for, in its commonest application, it requires, in a criminal trial, the rejection of a confession, however well authenticated, of a person, deceased or insane, or fled from the jurisdiction (and therefore quite unavailable) who has avowed himself to be the true culprit. The absurdity and wrong of rejecting indiscriminately all such evidence is patent . . .

\* \* \* \* \* \*

It is therefore not too late to retrace our steps, and to discard this barbarous doctrine, which would refuse to let an innocent accused vindicate himself even by producing to the tribunal a perfectly authenticated written confession . . .

The widely criticized *Donnelly* doctrine has been rejected in a substantial and increasing number of jurisdictions. See J. Fine, 21 Syracuse L.Rev. 1095 (1970). Brief comment on some of these cases points up the problem and the progress made in its solution.

A most significant case is *Sutter v. Easterly,* 354 Mo. 282, 189 S.W.2d 284 (Mo.1945).

1. This rule did not become a part of our common law since it was not formulated until after the separation of the colonies.

In that case, the witness was not available because he refused to testify on the ground that his testimony would incriminate him. The Missouri Court held the declaration against penal interest to be admissible. The Court reasoned, in part, as follows:

. . . The rule was originally limited to declarations of deceased persons and it is still so limited in some jurisdictions. But we believe sound reasoning supports the doctrine of those decisions holding that whenever the testimony of the witness is unavailable as a practical proposition, his declaration should be received. This is what Wigmore on Evidence defines as the "Necessity Principle." We approve the reasoning set forth in Section 1456 of the Third Edition: "The Necessity Principle, as here applied, signifies the impossibility of obtaining other evidence from the same source, the declarant being unavailable in person on the stand. Whenever the witness is practically unavailable his statements should be received. Death is universally conceded to be sufficient. The Principle of Necessity is broad enough to assimilate other causes; but the rulings upon causes other than death are few. They are ill-judged, so far as they do not recognize the general principle of unavailability. Illness and insanity should be equally sufficient to admit the statements; as well as absence from the jurisdiction. Supervening incompetency through interest stands on the same ground." 189 S.W.2d at 284.

In *Newberry v. Commonwealth,* 191 Va. 445, 61 S.E.2d 318 (Va.1950), a written confession of guilt was held to be admissible where the confessor refused to testify upon the grounds of self-incrimination, the Court saying:

It would seem that one who refused to testify because his testimony might incriminate him is considered unavailable as a witness, just as though he were beyond the reaches of the Commonwealth, or had since died. 61 S.E.2d at 326.

An outstanding case with a brilliant opinion by former Chief Justice Traynor of the California Supreme Court is *People v. Spriggs,* 60 Cal.2d 868, 36 Cal.Rptr. 841, 389 P.2d 377 (Cal.1964). The opinion reads, in pertinent part, as follows:

The statutes do not exclude hearsay declarations against penal interest. Their admissibility must therefore be determined in the light of the principle that "the purpose of all rules of evidence is to aid in arriving at the truth, [and] if it shall appear that any rule tends rather to hinder than to facilitate this result * * it should be abrogated without hesitation." (*Williams v. Kidd,* 170 Cal. 631, 649, 151 P. 1, 8.)

When hearsay evidence is admitted it is usually because it has a high degree of trustworthiness. (citations omitted). Thus, declarations against pecuniary or proprietary interest are admitted because they are unlikely to be false. (citation omitted). A declaration against penal interest is no less trustworthy. As we pointed out in *People v. One 1948 Chevrolet Conv. Coupe,* 45 Cal.2d 613, 622, 290 P.2d 538, 55 A.L.R.2d 1272, a person's interest against being criminally implicated gives reasonable assurance of the veracity of his statement made against that interest. Moreover, since the conviction of a crime ordinarily entails economic loss, the traditional concept of a "pecuniary interest" could logically include one's "penal interest." (Compare the theory that admits a third person's confession of a crime on the ground that the crime was also a tort, thus subjecting the declarant to civil liability for damages, a pecuniary interest citations omitted). We have concluded, therefore, that the ruling of the trial court was erroneous insofar as it excludes hearsay declarations against penal interest. . . . 389 P.2d at 381.

Another significant case is *People v. Brown,* 26 N.Y.2d 88, 308 N.Y.S.2d 825, 257 N.E.2d 16, 43 A.L.R.3d 1407 (1970), wherein the Court held that an admission against penal interest is admissible where material

and where the declarant is dead or beyond the jurisdiction of the court and thus unavailable or where he refuses to testify on the ground of self-incrimination.

In *Howard v. Jessup,* 519 P.2d 913 (Okla. 1974), the Oklahoma Supreme Court held that the rule that where one is not available as a witness, his declarations against interest are admissible in evidence, is not limited to adverse interests of a pecuniary or proprietary nature but also applies where the declarations are against the penal interest.

In *People v. Riccardi,* 73 Misc.2d 19, 340 N.Y.S.2d 996 (1972), the Court held that a declaration against penal interest is admissible if a witness is in court and refuses to testify on the ground of self-incrimination.

These authorities and the cases cited therein serve to demonstrate the increasing number of jurisdictions where declarations against penal interest have been held admissible.

Rule 509 of the Model Code of Evidence of the American Law Institute provides that a declaration is against the interest of a declarant if it subjects him to criminal liability.

In Paine, Tennessee Law of Evidence, Sec. 59, the apt comment is made:

> Surely declarations against penal interest are as trustworthy as those concerning one's pocketbook.

Rule 804 of the Federal Rules of Evidence for United States Courts and Magistrates, which became effective 1 July 1975 provides:

> (3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible

unless corroborating circumstances clearly indicate the trustworthiness of the statement.

### III.

Perhaps the leading Tennessee case touching upon this issue is *Tom Love Co. v. Maryland Casualty Co.,* 166 Tenn. 275, 61 S.W.2d 672 (1933) decided long before the start of the trend toward the adoption of the penal interest exception. While this case has not been expressly overruled, its holding has been broadened by a subsequent case and has been obsoleted by the passage of time and the demands of a more sharply honed and constantly evolving standard of fairness.

*Tom Love* was a suit to recover on a policy of burglary insurance. The company denied liability on the apparent basis that it questioned the fact of the burglary. Prior to trial of this civil action, one, Stubblefield was arrested for the burglary, made a written confession and an oral statement, and was convicted, with, an automatic declaration of infamy. Upon the trial of the civil action, Stubblefield could not testify by virtue of the statutory prohibition then in effect precluding testimony by persons who had been rendered infamous. The trial judge admitted his extra-judicial declarations. The Court of Appeals affirmed the chancellor, holding that the confession was admissible as a declaration against interest because it subjected him to both civil and criminal liability under the statutory and common law. It is apparent that the Court of Appeals, at that early date, aligned itself with the minority view and upheld a declaration against penal interest.

The Supreme Court reversed. After commenting upon the hearsay evidence rule, the Court said:

> There are, however, exceptions to the hearsay rule which authorize the reception of admissions and declarations against interest. Declarations, to be distinguished from admissions, as to facts

relevant to the matter of inquiry, are admissible in evidence when it appears that the declarant is dead, that the declaration was against his pecuniary or proprietary interest, and that he had no probable motive to falsify the fact declared. 166 Tenn. at 277, 61 S.W.2d at 673.

Again, the Court said:

The weight of authority is against the unreasonable extension of the exceptions to the rule, and most of the cases held that it is only when the declarant is dead that his declaration against interest will be received. Reasoning and authority support the conclusion that the exception should not be extended to include infamy along with insanity and death as another ground of unavailability authorizing the reception as evidence of the statement of a witness subsequently adjudged infamous. 166 Tenn. at 279, 61 S.W.2d at 673.

*Tom Love* was founded upon acceptable legal principles in 1933 in that it followed the holdings of the overwhelming majority of American jurisdictions; however, it was criticized at the time.[2]

Be this as it may, as a result of *Tom Love,* the law of Tennessee in 1933 was that the exception was limited to cases of unavailability because of death (and by dictum, insanity).

In 1974, there came before this Court the case of *Tibbs v. Ake,* 505 S.W.2d 232 (Tenn. 1974), which involved testimony as to declarations and admissions made by a witness who, at the time of the trial, was permanently incompetent to testify. The Court held:

We think the rule in this State should be broadened to include illness, such as in this case, insanity and unavailability as a witness in person or by deposition. 505 S.W.2d at 236.

There is an analogous line of cases relating to the admissibility of the testimony of a witness at a former trial. Such testimony may be read in a subsequent trial where the witness is dead, *Somerville v. State,* 483 S.W.2d 757 (Tenn.Crim.App.1972), or where he is in a foreign country beyond the jurisdiction of the Court, *Stubbs v. State,* 216 Tenn. 567, 393 S.W.2d 150 (1965). We particularly note the opinion of Justice Humphreys in *In Re Estate of Rhodes,* 222 Tenn. 394, 436 S.W.2d 429 (1968), wherein he quotes with approval from 29 Am.Jur., Evidence, § 738, as follows:

The law recognizes, however, that it is sometimes impossible to produce a witness who has testified at a former trial, as where the witness dies, becomes insane before the later trial, is out of the jurisdiction, or is kept away from the trial by the opposite party. In such cases, where the second action is between the same parties or their privies and involves the same issues, and where the party against whom the evidence is offered had the opportunity to cross-examine the witness who gave the testimony, such testimony given at the former hearing or trial is, according to practically all decisions, admissible in the later one. Because such testimony has been delivered under the sanction of an oath and subject to the right of the adverse party to cross-examine the witness giving it, it is not open to the objections ordinarily urged against hearsay evidence. 436 S.W.2d at 434.

IV.

We feel that there is a compelling necessity for the further expansion of *Tom Love.* In so doing we do not conceive it to be either necessary or proper to separate declarations against pecuniary interests from those against penal interests. Indeed, declarations against penal interests are only

---

**2.** See Footnote, Vol. 15, Tennessee L.Rev., p. 575 (1939) wherein Wicker said:

The court's attempt to distinguish between unavailability of a declarant on account of death and unavailability of a declarant on account of infamy is not convincing.

semantically different from those against pecuniary interests, since a declaration of guilt of criminal conduct subjects the declarant to both criminal and civil liability, as a general rule. In each instance we are dealing with an exception to the hearsay evidence rule and our sole concern is to insure that such declarations are admissible where material and reliable in cases where there is an impediment to the presentation of the declarant as a witness.

From this day forward, extra-judicial declarations against pecuniary or penal interests, where material, are admissible where the declarant is dead; beyond the jurisdiction of the court and the reach of its processes; is suffering from such infirmities of body or mind as to preclude his appearance as a witness, either by personal presence or by deposition; or where he is present in court and refuses to testify on the ground of self-incrimination.

As a further condition of admissibility, it must be shown that the declarant was in a position to have knowledge of the facts forming the subject of his declaration; that no motive to misrepresent was present when the statement was made, and, in appropriate cases, that the party offering the declaration has made a good faith effort to secure his attendance.

All conditions herein outlined will be determined by the trial judge out of the presence of the jury.

We adopt these guidelines pursuant to the inherent supervisory power of this Court.

The judgment of the trial court is reversed; that of the Court of Appeals, modified and affirmed; and this action is remanded for a new trial.

FONES, C. J., COOPER and HARBISON, JJ., and HYDER, Special Judge, concurring.