**Mildred Ellis BURCHETT, Individually and as Executrix of the Estate of James A. Burchett, Deceased, Plaintiff–Appellee,**

v.

**Barbara STEPHENS and Frank's Dry Goods, Inc., Defendants–Appellants.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 23, 1990.

Petition to Rehear Denied
July 23, 1990.

Richard Dance, Nashville, for plaintiff-appellee.

Edward P. Silva, R.E. Lee Davies, Franklin, for defendants-appellants.

## OPINION

TODD, Presiding Judge.

The defendants, Barbara Stephens and Frank's Dry Goods, Inc., have appealed from a non-jury judgment against them and in favor of Mildred Ellis Burchett, executor of the estate of James A. Burchett, deceased, for principal and interest of $32,700 due upon a debt.

Defendant, Barbara Stephens, is the sole stockholder and controlling officer of Frank's Dry Goods, Inc. In November, 1986, deceased offered to loan $30,000 to defendant Stephens. She accepted on condition that she sign a note and pay interest. On November 14, 1986, deceased obtained from his bank a cashier's check payable to him in the amount of $30,000. He endorsed the check to defendant, Stephens, who executed a note to him for a like amount at 9% interest. The maturity, if any, of the note is not shown. Defendant, Stephens, endorsed the check and deposited it to the credit of the defendant, Frank's Dry Goods, Inc.

Deceased refused the first interest check tendered to him, but thereafter accepted monthly interest checks on the account of Frank's Dry Goods, Inc., until June 1, 1988.

After the death of the husband of defendant, Stephens, in December, 1987, deceased, James A. Burchett, proposed marriage to defendant, but she declined. Thereafter said defendant offered to borrow from the bank to satisfy the $30,000 note, but deceased, Burchett, stated that he had torn up the note and would accept no further payments thereon. On June 19, 1988, James A. Burchett died.

Thereafter the widow of deceased qualified as his executrix and demanded payment of the note. Defendant, Stephens,

responded that deceased told her he had destroyed the note, but that if it were found it would be paid. The note was never found.

As stated, the Trial Judge found against both defendants who have appealed.

■ The first issue is whether the evidence supports a judgment against the defendant, Frank's Dry Goods, Inc.

The only grounds of liability of the corporation are stated by plaintiff as follows:

The $30,000.00 passed from the deceased to the Defendant Stephens and into the bank account of the Defendant Corporation, which Corporation paid interest on the money monthly from the date of the loan, November 14, 1986, through May 31, 1988.

It is undisputed that the corporation received and used the $30,000.00 and paid interest thereon. On the other hand, it is undisputed that the money was loaned to the defendant, Stephens, who signed a note therefor. There is no evidence that any person, acting for the corporation, pledged the corporation to pay the note or the debt represented by it. Said defendant testified as follows:

Q: Isn't it true, Ms. Stephens that you say that the only way you would have ever accepted the money was to sign a note and pay interest?

A: That's true, and that he tell his wife.

. . . .

Q: Isn't it true that the first time in testifying in the discovery deposition, you stated that you signed the note as Frank's, Inc., by you, which would be normal?

. . . .

THE WITNESS: I think I said—no, I wasn't sure how I signed it, but I put it—

. . . .

THE COURT: I think you'd better read question and answer.

BY MR. DANCE:

Q: Page twenty-four, line fifteen: (reading)

This is what I'm looking for, are you talking about Ms. Barbara Stephens, individually, or are you talking about Ms. Stephens as the president of Frank's Dry Goods, doing business as Frank's Family Fashions.

Your answer was yes. The question was:

(reading)

Yes, and I have asked you two questions.

The answer:

(reading)

Yes, and when I said, I, I was acting for Frank's

Is that not what you first testified to?

A: I think of myself as Frank's. But, frankly, you had me so confused on what you were asking, that I really didn't even remember—

. . . .

Q: Then in your changing, you said, by adding on page twenty-four to line fourteen the following, I loaned the business, Frank's Dry Goods, Inc., the money given to me personally by Mr. Burchett.

THE WITNESS: Yes.

. . . .

Q: In that change, did you not likewise testify that you, quote, I signed the note to Mr. Burchett, personally, as Barbara Stephens?

A: Yes.

Q: Now, Ms. Stephens, isn't it true that you have likewise testified and told me that when I said I, I was acting for Frank's, Inc?

A: When I say, I—in fact, I used to say, we, one in the same.

Q: Right now I'm talking about—did you not testify as to the standpoint of when I said, I, I was acting for Frank's.

. . . .

THE WITNESS: I am Frank's.

. . . .

BY MR. DANCE:

(reading)

At the time you signed this promissory note, did you sign it Barbara Stephens, or did you sign it Frank's by Barbara Stephens. You answer was: Probably

Frank's Inc. I don't usually include the Dry Goods by me is how I sign all the notes for the company.

. . . .

A: In thinking back, I thought why would I—in looking at the duplicate deposit slip, I thought I have entered it in the journal that it was personal money, and there's no where in my journal, and there's no where on the financial statements that show that I owed that to Mr. Burchett, so it would have to have been—if it had been a Frank's, I would have had it on a—in the liabilities that Frank's owed Mr. Burchett thirty thousand dollars. It was nowhere. I did not enter that anywhere, so it would have to be personal.

It is seen that the witness was unsure as to the signature on the note until she consulted the records of the corporation which were kept by her and from which she determined that the corporation was not obligated on the note.

The record indicates that plaintiff was able to produce no direct proof of the creation or existence of the debt except by examination of the defendant, Stephens, an adverse party. If the alleged contradictions in her testimony as to the responsible debtor are unexplained, then such contradictions may have the result of cancelling each other leaving no evidence from the witness on that subject. *Donaho v. Large,* 25 Tenn.App. 433, 158 S.W.2d 447 (1942); *Nashville & American Trust Co. v. Aetna Cas. & Sur. Co.,* 21 Tenn.App. 366, 110 S.W.2d 1041 (1938). However, the apparent contradictions are satisfactorily explained as an uncertainty of memory, and are not regarded as cancelling testimony, but rather as a circumstance of credibility. *Walters v. Staton,* 21 Tenn.App. 401, 111 S.W.2d 381 (1938).

Nevertheless, it is not possible to accept both versions of the testimony of the defendant, Stephens. There is no testimony that she signed the note twice; once as representative of the corporation and once in her individual capacity. Therefore, a choice must be made as to which is the more probable of the two versions of the testimo-

ny. In view of all the circumstances, this Court finds that the note was signed by the defendant, Stephens, individually and not on behalf of the corporation.

■ This finding leaves no evidence to support a judgment against the corporation. The fact that the individual turned the money over to her solely owned corporation did not create a liability of the corporation to the deceased. 58 C.J.S., Money Received, § 23 p. 928. n. 76. Neither did the payment of interest by the corporation create a liability of the corporation to deceased for the principal. Therefore, the judgment against the corporation must be reversed.

■ The second issue relates to the holding of the Trial Judge in his memorandum opinion as follows:

Defendants rely on the affirmative defense of release. They contend that Mr. Burchett tore up the note with donative intent. If, in fact, the debt was evidenced by a promissory note payable to Mr. Burchett and Mr. Burchett tore up the note with intent, as a gift, to release the indebtedness, the defendants have a complete defense of release. As to this defense, the defendants have the burden of proving the foregoing facts *beyond a reasonable doubt.* The court concludes that defendants have failed to carry the burden of proof as to the defense of release by gift. (Emphasis supplied)

No authority is cited in the briefs or known to this Court which holds that proof of cancellation of a note must be beyond a reasonable doubt.

As a general rule, a mere preponderance of evidence, however slight, must prevail in civil cases. *Hill v. Goodyear,* 72 Tenn (4 Lea) 233, 40 Am.Rep. 5 (1880).

■ Generally, in civil cases, facts are proved by a preponderance of the evidence. *Silcox v. Smith County,* Tenn.App.1972, 487 S.W.2d 652; *Crowe v. Provost,* 52 Tenn.App. 397, 374 S.W.2d 645 (1963); *General Motors Corp. v. Dodson,* 47 Tenn. App. 438, 338 S.W.2d 655 (1960), and authorities cited therein.

An instruction that the plaintiff in a civil case must satisfy the minds of the jury by "clear and convincing proof" is erroneous, as it, in effect, requires him to make out his case beyond a reasonable doubt. *Gage v. Louisville N.O. & T.R. Co.*, 88 Tenn. 724, 14 S.W. 73 (1890).

Some special types of issues in civil cases require a different quantum of proof. See 14 Tenn.Dig. Evidence, § 596(3); but none appear to require proof beyond a reasonable doubt; and cancellation of notes does not appear in this special category. Having admitted the creation and existence of the debt, the defendant, Stephens did have the burden of proving release, cancellation or discharge of the debt, by a preponderance of the evidence. 76 C.J.S. Release § 65, p. 705.

Plaintiff insists that defendants did not prove release by a preponderance of the evidence for the reason that the evidence of release was inadmissible, citing T.C.A. § 24-1-203 as follows:

In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party. Provided, if a corporation be a party, this disqualification shall extend to its officers of every grade and its directors.

As previously stated, the plaintiff presented the testimony of defendant Stephens that deceased loaned her $30,000 and that she signed a note for that amount. Upon further examination by her own counsel said defendant testified:

Q: And when was this, point of reference to his death?

A: It was the day before he died.

Q: Prior to that discussion, did you have a discussion with him about the thirty thousand dollars?

A: That was before I left to go on the trip to Jamaica. He said he was—I had mentioned several times since my husband had died paying him the money. I said, I want to go to the bank and I'll borrow and I want to give it back to you, because I felt like there may be some strings attached. And he said, there are no strings attached, and you're not going to pay me. So on or around June 10th, he told me he didn't want to hear anything else about the thirty thousand dollars. He said, I have torn the note up.

. . . .

Q: Was anyone in your presence at the first time he mentioned that he had destroyed the note?

A. Sherry. He had already told me, but Sherry either came down the steps or either up the steps, so then he again told her. He said, I don't want to hear anything about the thirty thousand dollars again. He said, the note is torn up and you all owe me nothing and there is no record anywhere that you owe it.

No record is found of any objection to the consideration of this testimony, which was uncontradicted. Ordinarily, a rule of evidence not invoked is waived. *Baker v. Baker*, 60 Tenn.App. 545, 448 S.W.2d 677 (1969).

In his memorandum filed after the trial, the Trial Judge stated:

... Mrs. Stephens, both individually and as sole owner and officer of the corporate defendant, would be incompetent under the Dead Man's Statute to testify as to the note if she had not been called as a witness by plaintiff. . . . (t)he court is of the opinion that as to the separate transaction pertaining to the asserted destruction of the note with donative intent, Barbara Stephens and Sherri Stephens, as an officer of the corporate defendant, are both incompetent witnesses under the Dead Man's Statute. If they were not so statutorily incompetent, their testimony as to Mr. Burchett's statement that he tore up the note is inadmissible hearsay as to the existence of the note and as to the destruction thereof.

The statutory incompetence of defendant, Stephens, was waived by the action of plaintiff, an opposite party, in calling

said defendant to testify and in failing to object to the testimony of said defendant.

In *Thomas v. Irvin*, 90 Tenn (6 Pickle) 512, 16 S.W. 1045 (1891), the defendant, administrator, took the evidentiary deposition of the plaintiff. Thereafter, the defendant elected not to present the deposition in evidence and objected to its use by the plaintiff in respect to transactions or conversations with the deceased. The Trial Judge overruled the objection. The Supreme Court affirmed and said:

> This evidence was competent, if the defendant chose to make it so by waiving objection or by calling upon complainant to testify. This he did when he took and filed his deposition as proof for himself. It was competent evidence when thus taken by defendant, and if the defendant failed to read it upon the hearing, then complainant had a right to use it as his own proof. Complainant had been "called" under the statute to testify by the opposite party, and the evidence thus taken made competent by the statute. It was too late to thereafter interpose an objection which had been waived by the act of requiring the complainant to testify as provided by the Act rendering such evidence otherwise incompetent. Any other construction of the statute would enable one party to search the conscience of his adversary, drag to light his papers and other evidences, and then repudiate the result if the experiment proved unsatisfactory. The legitimate consequence of thus examining complainant as to matters about which he was disqualified unless examined by his adversary, was to make the evidence thus elicited competent for either party.
>
> ... (t)he evidence, when taken and filed, was competent, being made so by the disqualified witness having been under the statute, "called by the opposite party". 90 Tenn. (6 Pickle) at 513, 16 S.W. 1045

It is true that plaintiff did not question the witness, Stephens, about the decedent's statement regarding destruction of the note, and that this evidence was elicited by questions from the witness's own attorney on "cross examination". However, as stated in *Thomas v. Irvin*, the opposite party called the witness and thereby waived the incompetency of the witness. It should be noted that it is the witness, not the evidence, which is declared incompetent by the statute.

In the present case, it would be a monstrous perversion of the intent of the statute to hold that the plaintiff had the right to call the defendant to prove a transaction whereby an obligation of defendant was established, but that plaintiff could successfully exclude the testimony of the same witness to avoid the obligation.

Under the circumstances of this case, the quoted testimony of defendant, Stephens, in respect to the statements of deceased was competent and admissible. This ruling renders moot the admissibility of similar testimony of "Sherry", who was a daughter of defendant, Stephens, and an officer of the corporation. The testimony of defendant, Stephens, being uncontradicted, the corroborating testimony of "Sherry" is unnecessary. Uncontradicted, unimpeached testimony may not be disregarded. *Frank v. Wright*, 140 Tenn. 535, 205 S.W. 434 (1917).

Moreover, it would not appear just to exclude the testimony of "Sherry" because she was an officer of a corporation which has been held to be not liable. Her testimony would be inadmissible as to the liability of the corporation, but it is doubtful that it should be excluded as to the liability of the other defendant, Stephens.

■ The testimony as to the statements of deceased is an admissible exception to the hearsay evidence rule. The declarations against interest of a person since deceased are admissible. *Breeden v. Independent Fire Ins. Co.*, Tenn.1975, 530 S.W.2d 769; *Tom Love Grocery Co. v. Maryland Cas. Co.*, 166 Tenn. 275, 61 S.W.2d 672; *Tibbs v. Ake*, Tenn.App.1974, 505 S.W.2d 232. These authorities state the law of Tennessee at the time of the trial which preceded the effective date of the present T.R.E.

■ The admissions of a deceased are competent evidence against his widow or

administratrix who succeed to the right of action of the deceased. *Middle Tenn. R. Co. v. McMillan,* 134 Tenn. 490, 184 S.W. 20 (1916).

It is seen that there is competent and uncontradicted evidence that the deceased destroyed the note evidencing the debt and renounced any rights therein.

T.C.A. § 47–3–601 provides that:

The extent of the discharge of any party from liability upon an instrument is governed by sections on:

. . . .

(c) cancellation or renunciation (§ 47–3–605)

T.C.A. § 47–3–605 provides:

The holder of an instrument may even without consideration discharge any party:

(a) . . . by intentionally cancelling the instrument or the party's signature by destruction or mutilation

. . . .

The evidence is clear and uncontradicted that deceased destroyed the note evidencing the indebtedness and renounced his interest therein. There can therefore be no recovery upon the note by the estate of deceased. Neither can the estate avoid the intentional destruction of the note by suing upon a "debt" instead of the note, where the evidence offered by the estate shows that the "debt" and the note were one and the same.

In the light of the foregoing, plaintiff's arguments regarding gifts are deemed inapplicable.

This Court finds that defendants proved by a preponderance of the evidence that the debt/note was cancelled and renounced.

■ The foregoing renders moot the appellants' issue regarding the admissibility of testimony of plaintiff regarding self serving statements made to her by deceased and self serving writings given to her by deceased. However, such testimony clearly falls within the exclusion of T.C.A. § 24–1–203, above, which forbids testimony of an administrator as to transactions with or statements by deceased. The evidence should not have been considered by the Trial Court, and has not been considered by this Court.

The judgment of the Trial Court is reversed and plaintiff's suit is dismissed. All costs, including costs of this appeal, are taxed against the plaintiff. The cause is remanded to the Trial Court for entry of judgment in accordance with this opinion and for any necessary further procedure.

Reversed, dismissed and remanded.

LEWIS and KOCH, JJ., concur.