**Tommy Joe TIBBS and James W. Ralston, Petitioners,**

v.

**Homer Lee AKE, father and next of kin of Jerry Donald Ake, Deceased, Respondent.**

Supreme Court of Tennessee.

Feb. 4, 1974.

Hugh C. Gracey, Sr., Hugh C. Gracey, Jr., Gracey, Buck, Maddin & Cowan, John P. Branham, Glasgow, Adams & Taylor, Nashville, for petitioners.

John W. Nolan, III, Harry S. Lester, Lester, Hildebrand, Nolan, Lane, Underhill, Mondelli, Flynn & Porter, Nashville, for respondent.

## OPINION

CHATTIN, Justice.

We will refer to the parties as they appeared in the trial court; that is, respon-

dent as plaintiff and petitioners as the defendants.

Plaintiff brought suit against defendants and James W. King to recover for the wrongful death of Jerry Donald Ake as a result of an automobile accident occurring in Nashville at the intersection of Fifth Avenue, North, and Harrison Street on November 28, 1970, when he, the deceased, was riding as a passenger in the car belonging to King and operated by Tommy Joe Tibbs.

The case was tried before a jury and resulted in a verdict and judgment in favor of the plaintiff for $22,500.00

On motion of King made at the conclusion of all the evidence, the jury was directed to return a verdict in his favor, and from this action of the court no appeal was perfected.

As stated in the opinion of the Court of Appeals, the essential facts are:

"The record shows that plaintiff's decedent at the time of the accident was riding as a guest passenger in an automobile owned by the defendant, James W. King, and being driven by defendant, Tommy Joe Tibbs; that it was proceeding in a westerly direction on Harrison Street in Nashville and, when it reached the intersection of Fifth Avenue, North, which is a one-way street for traffic moving northwardly, he did not observe the stop sign at the intersection but proceeded into Fifth Avenue, North, where his automobile was struck on the right side by the car driven by defendant, James W. Ralston, which was proceeding in a southerly direction on Fifth Avenue, North, which was a one-way street for traffic proceeding northwardly.

"There is proof in the record to the effect that Mr. Ralston, and those in the car with him, had just left the King of the Road Motel where he had consumed some alcoholic beverage. It, also, appears that just prior to the accident Mr. Ralston was admonished by his wife, who was a passenger in the car, that he was going the wrong way on Fifth Avenue, North, and that, as he came to the place of the accident, he only saw a shadow or blur prior to the collision and did not apply his brakes. The Tibbs vehicle was overturned with extensive damage to the right side, whereas the damage was to the front end of the Ralston vehicle. After the collision, Ralston's car continued for some distance, knocking down a fire hydrant and striking the guy wire of a telephone pole. The collision was shown to have occurred in the northwest quadrant of the intersection of the two streets.

"It was stipulated by the parties that, subsequent to the accident in question here, the defendant, Tommy Joe Tibbs, was involved in another accident wherein the car in which he was riding as a guest collided with a train and he was rendered unconscious, and, at the time of the trial, was still unconscious."

The Court of Appeals affirmed the judgment of the trial court. We granted the petition for the writ of certiorari filed on behalf of Ralston and denied the petition for the writ filed on behalf of Tibbs.

Counsel for Ralston filed four assignments of error in his brief filed in the Court of Appeals. In his petition for certiorari he reasserted only one assignment of error which is as follows:

"The trial court erred in excluding the direct testimony of James Luther when called on behalf of the defendant Ralston. Further, when this same witness was called by Counsel for the defendant, King, the trial court erred in allowing the jury to hear the testimony of the witness Luther on direct examination by Mr. Kerns and, further, in refusing to allow the testimony of this witness on cross examination by Mr. Gracey after this witness had been offered as a witness on behalf of King. The defendant Ralston respectfully submits that the exclusion of this evidence was prejudicial

error because it denied the jury access to evidence which they had a clear right to hear and evaluate."

Counsel for Ralston states in his brief this assignment raises two basic issues:

"(1) Whether the evidence which was excluded by the trial court and which exclusion was affirmed by the Court of Appeals, was admissible as an admission by the defendant, Tibbs, and

"(2) Whether the same evidence was admissible as a declaration against interest?"

In order to understand this assignment of error, it is necessary to state a short summary of the proffered testimony of James Luther which was excluded by the trial judge.

"In the absence of the jury, Mr. Luther testified that he investigated the accident in question just a few days after it occurred, to-wit: November 30th, 1970, and that he talked with Tommy Joe Tibbs who told him that he, Tibbs, did not have a driver's license and never had had. He questioned Tommy Joe Tibbs with reference to where he and his companion, Jerry Donald Ake, had been just before the accident and was told that they had been to the restaurant of Charlie Nickens on Jefferson Street; that he had drunk five beers and Jerry Donald Ake had drunk four beers; that as they drove away from there and towards the scene of the accident the roads were wet, that it was sprinkling rain but he didn't have the windshield wipers operating; that his companion did not make any complaint about the way he was driving; that as they proceeded several cars blinked their lights at him; that he didn't remember when he turned his lights on when he left the Nickens place, but that definitely, they were off after the accident; that he stopped at the stop sign at Fourth Avenue, North, and that he slowed down and checked the traffic to his left as he went into the intersec-

tion at Fifth Avenue, North, and then drove on into the intersection without stopping, and that he did not see the Ralston car until he was in the intersection and when he did see it, it was so close that he didn't have time to do anything.

"Mr. Luther testified that when he began his investigation, he was investigating on behalf of Mr. King and at the time he talked to Tommy Joe Tibbs, he was not investigating on Tibbs' behalf. at the time in question he was an accident investigator for Travelers Insurance Company, the liability insurer of the automobile owned by the defendant King."

It is Ralston's contention that the foregoing testimony should have been allowed to go to the jury since it constituted both an admission and a declaration against interest, and that it should have been admitted so the jury could weigh it along with all the other evidence.

The Court of Appeals determined the testimony was not admissible as a declaration against interest. Paraphrasing from the case of Tom Love Co. v. Maryland Cas. Co., 166 Tenn. 275, 61 S.W.2d 672 (1933), the Court of Appeals stated that three requirements must be met before testimony can be introduced regarding a declaration against interest. The requirements, as stated by the Court, are: (1) the declarant must be dead, (2) the declaration must have been against the declarant's pecuniary or proprietary interest, and (3) the declarant must have had no probable motive to falsify the facts declared.

Since the declarant in this case, Tibbs, is alive, the Court of Appeals concluded that the evidence was properly excluded.

However, it was stipulated and agreed by all parties to the litigation that Tibbs was permanently incompetent to testify.

No mention was made in the original opinion regarding whether the question testimony was admissible as an admission.

However, on petition to rehear, the Court of Appeals recognized that the testimony was admissible as an admission against interest, but held that the failure to admit the testimony was harmless error.

The Court of Appeals in the opinion on the petition to rehear reasoned as follows:

"In any lawsuit between the defendant—appellant, James W. Ralston, and the defendant, Tommy Joe Tibbs, any statement by Tibbs contrary to his contention in said lawsuit would be provable by Ralston. This principle would be applicable even though the parties (Ralston and Tibbs) were codefendants if their interests were antagonistic. In the present case, the interests of the defendants, Ralston and Tibbs, were antagonistic to the extent that each had a real interest in having the other adjudged liable to the plaintiff so that liability might be apportioned under the Uniform Contribution Among Tort Feasors Law, T.C.A. Section 23–3103 [3101], et seq.

"Therefore, Ralston had the right to prove any statement of Tibbs contrary to his (Tibbs') insistence that he (Tibbs) was not liable. although such evidence should have been admitted, the error was rendered harmless when the jury rendered a verdict against Tibbs. That is, in the controversy between Ralston and Tibbs as to whether Tibbs should be held liable, Ralston won and Tibbs was held liable, in spite of the exclusion of the evidence in question.

"However, Ralston insists that he was and is entitled to the benefit of the admissions of Tibbs as substantive affirmative evidence in contradiction of the claim of the plaintiff, Ake, against him (Ralston). This is not in accordance with the theory or philosophy whereby admissions of parties are received in evidence."

■ Although third party statements which can be construed as declarations against interest are admissible for the benefit of individuals with interests not directly antagonistic to the third party declarant, the same is not true of admissions. Generally, this limitation presents no problem because in the common situation it is one party seeking to prove the admissions of the opposing party. However, as the Court of Appeals stated, we are confronted with a different situation in this case; that is, the attempt of a defendant to offer admissions of codefendant as substantive affirmative evidence in consideration of the claim of the plaintiff. Admissions of third party declarants cannot be used for such purpose. 4 Wigmore on Evidence, Chadbourn Revision, Section 1048; McCormick on Evidence, Second Edition, Section 262; 31A C.J.S. Evidence, § 275.

"The hearsay rule, in general, renders inadmissible in evidence unsworn statements made out of court offered as proof for the facts asserted. However, the admissions of a party made directly by him, or through his agent duly authorized to speak for him, or by a privy, relative to the subject matter of a suit, are admissible in evidence against such party where they are inconsistent with the claim he asserts in the action, whether he is the plaintiff or the defendant, and whether or not he is available as a witness. Any statement made by a party to an action which is against his own interest and which, in its nature, tends to establish or disprove any material fact, or alleged material fact, in the case, is competent to be put in evidence against him on the trial of that action." 29 Am.Jur. (2d), Evidence, Section 600, page 655.

■ The admissions of a party may only be used to contradict that party's own claims and not the claims of adverse parties. A party's admissions are evidence against the party making them and are not evidence in favor of another party.

■ The foregoing excerpt from the Court of Appeals opinion recognizes this limitation; and, as stated, the admissions of Tibbs were only admissible for the lim-

ited purpose of resolving the conflict between Tibbs and Ralston. For the reasons stated by the Court of Appeals in the above quote, the failure to allow the testimony of Luther was harmless error.

Although the Court of Appeals considered Tibbs' statement to Luther a declaration against interest, the Court concluded that the statement was not admissible because Tibbs is still alive. The Court of Appeals said, that no justification exists for changing the requirement that the declarant be dead before testimony regarding declarations against interest by the declarant can be introduced. However, there is substantial case law authority from many jurisdictions which allow declarations against interest not only when the declarant is dead, but also when he is not able to be present at the trial because of insanity, illness or absence from the jurisdiction of the court. 29 Am.Jur.(2d), Evidence, Section 618, page 672.

■ We think the rule in this State should be broadened to include illness, such as in this case, insanity and unavailability as a witness in person or by deposition.

In taking this action, we ordinarily would reverse the Court of Appeals and remand the case to the trial court. However, we think it was harmless error on the part of the trial judge to exclude the testimony of Luther when called on behalf of Ralston and to refuse Counsel for Ralston to cross examine Luther after testifying on behalf of King.

Most of the testimony of Luther which Ralston contends should have been permitted was in fact heard by the jury. For instance, Luther was permitted to testify before the jury that Tibbs told him he did not have a driver's license although he told King he had a driver's license when he borrowed his car.

He, also, testified before the jury that Tibbs said he stopped before entering the intersection at Fourth Avenue, North, but when he came to Fifth Avenue, North, he looked to his left and saw nothing approaching; and that he proceeded into the intersection and was struck on the right side of his car by the Ralston car which he did not see until the impact and after he had reached the west lane of Fifth Avenue.

■ In view of the fact the jury actually heard most of the testimony that Ralston contends should have been admitted and because it does not affirmatively appear the failure to allow the jury to hear any additional testimony which Luther could have provided affected the result of the trial, we think it was harmless error not to allow the testimony.

■ Furthermore, we agree with the following statement made by the Court of Appeals in the opinion on petition to rehear:

"Considering the fact that defendant Ralston, by his own admission, was driving the wrong way on the one-way street at the time of the accident, after having had his attention directed to the fact by his wife who was a passenger in the car, and that his automobile plowed into the side of Tibbs' car, causing same to be turned over and demolished and resulting in the death of plaintiff Ake's son, we can see no way that this defendant can avoid the conclusion reached by the jury that he was guilty of proximate negligence resulting in the damage complained of. The photographs, the physical facts and the circumstances about which there is no substantial dispute would seem to clearly support the judgment against this defendant along with the judgment against the defendant Tibbs. Significantly, Mr. Ralston, on cross examination, testified:

" 'Q. Mr. Ralston, if you had this thing to go over would you do anything differently this time?

" 'A. Yes, sir, I would.

" 'Q. What would that be?

" 'A.  Well, I'd probably watch where I was going a little better and try to stay off one-way streets.' "

Accordingly, we affirm the result reached by the Court of Appeals.  Petitioners will pay the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.