HARRY LEVITCH JEWELERS,
INC., Petitioner,

v.

Barbara Joan Griffin JACKSON et
al., Respondents.

Supreme Court of Tennessee.

Nov. 27, 1978.

Maurice Wexler, William F. Kirsch, Jr., Memphis, for petitioner; Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, of counsel.

Joe M. Duncan, Memphis, for respondents; Burch, Porter & Johnson, Memphis, of counsel.

OPINION

HARBISON, Justice.

Petitioner filed a claim against the estate of Albert James Jackson, Jr., deceased, upon a promissory note executed by decedent on September 3, 1974, payable to the order of claimant on or before October 15, 1975.

The personal representatives of decedent excepted to the claim upon the ground that no consideration had been given for the note and that it therefore did not represent a valid claim against the estate.

At a hearing on the exceptions, Mr. Levitch, an official of the corporate claimant, identified the note and the signature of the deceased thereon.

By way of defense, the personal representatives offered as a witness an attorney for the decedent, who undertook to testify that the decedent had told him on several occasions that the note was given without consideration and that he did not owe it. Decedent was quoted as saying that he had executed and delivered it to Mr. Levitch as a part of a devious scheme to obtain money from the decedent's wife, from whom he was separated. On its face the note recited that it was secured by certain jewelry, and the witness quoted the decedent as stating that the latter had planned not to pay the note at maturity, so that the payee thereof

could "foreclose" on jewelry belonging to his estranged wife.

Counsel for the claimant objected to the testimony of this witness on two grounds; first, that it was hearsay evidence; second, that the attorney for the decedent was his agent or representative and therefore had such identity with the decedent as to make the witness a "party" within the exclusionary provisions of Tennessee's "dead-man" statute, T.C.A. § 24–105.

Both the probate judge and the Court of Appeals held that the witness was not a party and that his testimony was not subject to exclusion under the statute referred to. Petitioner does not assign error as to those rulings.

Neither the probate judge nor the Court of Appeals, however, ruled upon the principal ground of the objection—that is, that the testimony was nothing more than self-serving hearsay. Respondent insists in this Court that because the testimony was not barred by the exclusionary statute, it was automatically admissible.

■ This, of course, is a non-sequitur. The mere fact that the evidence was offered through a witness who was competent to testify, within the parameters of the exclusionary statute, does not mean that everything allegedly told him by decedent was necessarily admissible. Had his testimony represented an admission by the decedent, contrary to the position taken by the decedent or his estate in the present litigation, it probably could have been offered on behalf of the opposing party.[1] It was not offered as an admission, however, but was clearly tendered in an effort to prove the truth of the matter asserted; that is, that the decedent did not owe the debt and there was no consideration for the note.

Counsel for respondent has cited no exception to the hearsay rule or any other basis upon which the testimony would be admissible, nor did either court below do so.

■ It is fundamental that not every unsworn, extrajudicial statement by a party litigant constitutes admissible evidence. Such testimony is barred by the hearsay rule, unless it constitutes an exception to that rule or is admissible under some other principle of evidence. Admissions constitute the most familiar exceptions to that rule. However, even self-serving declarations of a party may be admissible as an excited utterance, as an expression of pain, a recital of medical history to a physician, a declaration showing a state of mind, or the like.

■ The testimony in the present case, even though offered by a witness who was competent under the exclusionary statute, in our opinion constituted nothing more than self-serving declarations, and should have been excluded.[2]

Counsel for the respondent has stated that if this testimony were not admissible, the estate had no other evidence to offer and therefore no defense to the claim asserted on the note. Accordingly the judgment of the courts below is reversed, and the cause is remanded to the probate court with directions to enter judgment on the claim with appropriate interest. All costs are taxed to the estate of the decedent.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.

---

**1.** *See* McCormick, *Evidence* §§ 262 *et seq.* (2d ed. Cleary, 1972); Paine, *Tennessee Law of Evidence* § 54 (1974).

**2.** *See generally* 29 Am.Jur.2d, *Evidence* § 621 (1967).