**Dr. Gladys I. FORDE,**
**Plaintiff-Appellant,**

v.

**FISK UNIVERSITY, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Sept. 23, 1983.

Permission to Appeal Denied by
Supreme Court Dec. 19, 1983.

Russell B. Ennix, Nashville, for plaintiff-appellant.

Aaron Wyckoff, Sheila Bell, Nashville, for defendant-appellee.

OPINION

TODD, Presiding Judge, Middle Section.

The plaintiff, Dr. Gladys I. Forde, has appealed from a jury verdict and judgment dismissing her suit against the defendant, Fisk University.

The suit originated in General Sessions Court where the action was described in a civil warrant as follows:

"for breach of quasi contract and/or written contract; for work performed by Dr. Forde, plaintiff, as employee of Fisk University but wrongfully refused compensation for such employment by defendant, Fisk University during month of May, 1979 and during month of July 1979; in the amount of approximately $700.00 for month of May, 1979, and/or approximately $700.00 for month of July, 1979; month of July, 1979 being regulated by a written contract dated May, 1979, and attached hereto."

After judgment in General Sessions Court and appeal to the Circuit Court, plaintiff moved for and was granted a jury trial and leave to amend to increase the amount sued for from $1400.00 to $2100.00.

Prior to the 1978–1979 school year, plaintiff was employed by defendant for many years. In 1978, plaintiff and defendant entered into a written employment contract for the 1978–1979 "academic year". The exact bounds of said academic year are not

set out in the agreement and the parties differ as to same. Plaintiff insists that the "academic year" ended on Commencement Day, which was May 7, 1979. Defendant insists that the "academic year" included all of May.

It is agreed that plaintiff was paid her agreed compensation for the "academic year". Her claim in the present case is based upon "summer work" performed after the end of the academic year.

It is undisputed that Dean Clifford Harper requested plaintiff to work "during the summer months", performing certain planning duties for the following year. Dean Harper had no authority to obligate the defendant, hence his proposal for summer employment was submitted to the vice president for administration who had such authority. Plaintiff performed part of said planning duties during May. The vice president determined that plaintiff should be employed for six weeks. On May 25, 1979, the vice-president of defendant wrote plaintiff offering her six weeks summer employment from June 1, 1979, to July 15, 1979. Plaintiff immediately protested that she had been employed for eight weeks following the end of the academic year, but worked from June 1, 1979, to July 9, 1979, at which time she left the campus after being assured by her superior that she had completed the work desired of her. Plaintiff was paid for 5 weeks summer work. She sues for 3 weeks additional pay on the basis of her work after Commencement Day and before June 1.

As stated, the jury found for the defendant, and plaintiff has appealed.

Appellant has proposed the following issues for review.

"I. Whether the learned Trial Court erred in submitting the case to the jury in lieu of deciding the case on principles of law and interpreting and constructing the contracts pursuant to principles of law.

II. Whether the Trial Court erred in the abstract and vague manner in which it charged the jury; and further erred by permitting the jury to decide issues of law, instead of properly restricting the jury to the resolution of issues of fact only, even assuming that the Trial Court should have submitted this case to the jury in the first place.

III. Whether the Trial Court should have instructed the jury that most, if not all, of the factual issues involved in the lawsuit were agreed upon by the parties, assuming that instructions to the jury were appropriate at all under the circumstances of this case.

IV. Whether the jury in the instant case acted capriciously, failed to rule in accordance with the evidence and failed to follow the law.

V. Whether it was error for the Trial Court to exclude certain relevant and material evidence from the record."

The fifth issue complains of the exclusion of two items of evidence, the first of which is Exhibit 20, which is a letter dated December 11, 1979 from Thomas F. Potter, Chairman, Faculty Welfare Committee, to plaintiff and stating:

"The Faculty Welfare Committee has completed its consideration of your grievance concerning summer pay. I am sorry that this work took longer than any of us would have wished.

In accordance with the Grievance Procedures in the Faculty Handbook (pp. 33–35), our Committee has sent its report to the Dean of the University. A copy of that report is enclosed. Please note that our Committee has voted to recommend restoration of your withheld pay."

During the discussion of the admissibility of the document, counsel for plaintiff stated to the Trial Judge:

"MR. ENNIX: Your Honor, indeed we are presenting it for the purpose of asserting the truth contained therein, and I think that's the basic thrust of counsel's argument, that it's hearsay. But we are presenting it to reflect the fact that in

fact a decision was made by the University Faculty Welfare Committee, and Dr. Forde received a report reflecting that."

■ The document is patently an inadmissible statement of opinion conveyed by hearsay. That is, the letter undertakes to state the opinion of a committee formed as a result of hearing statements from others. The report of the committee attached to the letter is merely written hearsay as to facts learned from others and a communal statement of opinion. No member of the committee would be permitted to testify of such facts or opinions, hence an unsworn written attempt to convey the same information is equally unacceptable.

■ The only exception to the hearsay and opinion evidence rules under which this document might be admitted is the class of statements designated "admissions of a party" and the sub-class designated "statements by an agent to a principal". See McCormick on Evidence, 2nd Edition, § 267, p. 642, notes 5 and 6. The authorities annotated in said citation, especially *Pekelis v. Transcontinental and Western Air, Inc.,* 187 F.2d 122, 23 A.L.R.2d 1349 (2d Cir.1951) indicate that the first requirement for admissibility of such statements or findings is proof of the authority of the subordinate to make the statement on behalf of the principal. There is no evidence that the "Faculty Welfare Committee" possessed the authority to investigate and make findings as the agent of Fisk University.

Accordingly, the Trial Judge correctly excluded the document.

Appellant's entire argument in regard to the exclusion of other evidence is as follows:

"Additionally, the Trial Court excluded certain portions of Dean Clifford Harper's deposition (Exhibit 31), on the premise that certain portions were irrelevant. Plaintiff asserts that the excluded portions were indeed relevant and should have been allowed in the record."

■ Such argument does not conform to Rule 6(a) of the Rules of this Court as follows:

"*Rule 6. Briefs, unnecessary filing of complete transcripts, and extensions of time.*—(a) Written argument in regard to each issue on appeal shall contain:

1. A statement of the alleged erroneous action of the trial court which raises the issue, with citation to that part of the record where the alleged erroneous action is recorded.

2. A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

3. A statement reciting wherein appellant was prejudiced is recorded."

Exhibit 31 is a 35 page deposition which contains no notations of any exclusion of any part by the Trial Judge. The transcript, pages 147–177, records the reading of the deposition to the jury. There is no indication of the exclusion of any part of the deposition.

The fifth issue is found to be without merit.

Appellant argues that the written 1978–1979 employment contract was ambiguous as to termination date and that the ambiguity should have been resolved by the Trial Judge instead of the Trial Jury.

■ The ascertainment of the intention of the parties to a written contract is a question of law or judicial function for the court to perform when the language is plain, simple and unambiguous. *Petty v. Sloan,* 197 Tenn. 630, 277 S.W.2d 355 (1955).

■ But, where the writing is not plain and unambiguous, and is such as to require the aid of parol evidence,—and the parol evidence is conflicting or such as admits of more than one conclusion, it is not error to submit the doubtful parts under proper instructions to the jury. *Barker v. Freeland,* 91 Tenn. 112, 18 S.W. 60 (1892); *Carter County v. Street,* 36 Tenn.App. 166, 252 S.W.2d 803 (1953).

The jury heard conflicting evidence as to the prevailing meaning of the words, "academic year"; hence it was the province of the jury, not the judge, to determine the intent of the parties in the use of the words in the contract.

Appellant next insists that the instructions to the jury were inadequate. In such event, it is the duty of the complaining party to submit special requests for additional clarifying instructions; and failure to do so constitutes a waiver of the inadequacy *Rule v. Empire Gas Co.*, Tenn.1978, 563 S.W.2d 551.

There is no evidence that appellant submitted or that the Trial Judge refused any such request.

Appellant next insists that the jury should have been instructed that most, if not all of the facts were agreed upon. Again there was no special request for such an instruction.

Finally, appellant insists that the jury acted capriciously, failed to rule in accordance with the evidence and failed to follow the law.

Appellant cites no basis for the accusation of caprice, and this Court finds none.

There was a conflict in evidence which the jury resolved in favor of defendant.

Appellant cites no law disregarded by the jury, and this Court finds none.

It is true that, until she received the letter of May 25, plaintiff expected to be paid for working 8 weeks beginning immediately after Commencement Day. However, this expectation was based upon a communication from her immediate superior who had no authority to bind the defendant. It is also true that plaintiff worked after Commencement Day and before June 1. Defendant's evidence which the jury believed, indicates that plaintiff was paid for the full month of May as a part of the academic year.

It is true that plaintiff was promised 6 weeks summer work and was paid for only 5 weeks. However, plaintiff voluntarily left the campus one week before the end of her agreed term of summer employment. She could not in good conscience claim pay for the week she did not work.

No reversible error is found in the record. The judgment of the Trial Court is affirmed. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and Remanded.

LEWIS and CONNER, JJ., concur.