# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 2000 Session

## DARRELL L. EDWARDS, ET AL. V. SELETA KAYE CAMPBELL, ET AL.

### Appeal from the Circuit Court for Hamilton County
No. 97 CV 0587     Jacqueline E. Schulten, Judge
**FILED JANUARY 23, 2001**

### No. E2000-01463-COA-R3-CV

The Trial Court granted Defendants summary judgment based on the expiration of the statutes of limitation because of Plaintiffs' failure to comply with Tenn. R. Civ. P. 3 and 4.04. Plaintiffs sued Defendants for personal injuries and property damage allegedly resulting from a 1989 motor vehicle accident. Plaintiffs first filed suit in 1990. They voluntarily dismissed that suit in 1996 and re-filed within one year. Plaintiffs obtained issuance of the first set of summons in the second suit in March 1997, and attempted service of process by mail. A third person, but neither defendant, signed the return mail receipts. Defendants raised the defense of insufficiency of service of process in their answer and moved for a stay of the proceedings which was granted. The Trial Court conditioned the removal of the stay upon Plaintiffs' payment of costs associated with their first lawsuit. Two years later, Plaintiffs paid the costs, and the Trial Court lifted the stay. Thereafter, Plaintiffs obtained issuance of new process. It is undisputed that Defendants were served in October 1999. Defendants filed a Motion for Summary Judgment arguing that the statutes of limitation had expired because Plaintiffs failed to serve Defendants in March 1997, and did not obtain issuance of new process from the Trial Court clerk until more than two and a half years later. Plaintiffs did not respond to Defendants' motion which the Trial Court granted. Plaintiffs appeal. We affirm.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Case Remanded.

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Jesse O. Farr, Chattanooga, Tennessee, for the Appellants, Darrell L. Edwards and Arlene Edwards.

Donald W. Strickland, Chattanooga, Tennessee, for the Appellees, Seleta Kaye Campbell and Fisher Campbell.

# OPINION

## Background

This appeal arises from a grant of summary judgment by the Trial Court to Seleta Kaye Campbell and Fisher Campbell ("Defendants"). Darrell L. Edwards and Arlene Edwards ("Plaintiffs") filed suit claiming personal injury and property damage allegedly resulting from a motor vehicle accident between Seleta Kaye Campbell and Darrell L. Edwards. The accident occurred in 1989, and Plaintiffs filed their first suit in 1990. After nearly six years, Plaintiffs non-suited their first suit on March 11, 1996. Thereafter, Plaintiffs timely re-filed their complaint under the savings statute on March 10, 1997. The Trial Court clerk issued summonses which listed an address in Hixson, Tennessee, for both Defendants. One week later, Plaintiffs' counsel filed affidavits of service of process and the return mail receipts which had been signed by "Peggy Campbell." The record does not indicate what relationship, if any, Peggy Campbell has with Defendants.

On April 9, 1997, Defendants filed an answer alleging the affirmative defense of insufficiency of service of process. In May 1997, upon Defendants' motion, the Trial Court entered an Order Staying Proceedings, pursuant to Rule 41.04 of the Tennessee Rules of Civil Procedure. The order provided that the stay would be lifted once Plaintiffs paid court costs and discretionary costs associated with Plaintiffs' earlier, non-suited action.

After the Order Staying Proceedings was entered, this case lay dormant for nearly two years. In March 1999, Defendants filed a Motion to Dismiss based upon their defense of insufficiency of service of process. In response, Plaintiffs filed a brief which failed to provide any explanation or new facts related to the service of process by mail on Defendants. The Trial Court denied Defendants' motion.

In July 1999, over two years after the Trial Court imposed the stay, Plaintiffs filed a Motion to Remove Stay since they finally had complied with the order and paid the costs. Plaintiffs' motion included language that the stay of proceedings needed to be lifted "to [allow] further proceedings, such as perfecting service of process upon Defendants." The Trial Court granted Plaintiffs' motion, and Plaintiffs, thereafter, had a second set of summons issued in September 1999. It is undisputed that both Defendants were served in October 1999.

Defendants filed a second Motion to Dismiss based upon insufficient service of process. This motion was denied. Defendants then filed a Motion for Summary Judgment, arguing that the statutes of limitation had expired. In support of their motion, Defendants filed sworn affidavits. Seleta Kaye Campbell states in her affidavit that in March 1997, she was not living at the Hixson address listed on the first summonses but, instead, was residing in Cookeville, Tennessee. Both Defendants state in their affidavits that they did not authorize Peggy Campbell to accept service of a summons and complaint on their behalf, and that they were not served until October 2, 1999.

Defendants' Rule 56 statement of material facts ("Rule 56 statement") filed with their motion for summary judgment includes, in part, the following:

1) in March 1997, although Plaintiffs' counsel filed affidavits of service, Plaintiff's counsel had actual notice that Defendants had not been served since the return mail receipt had been signed by "Peggy Campbell";

2) Defendant, Seleta Kaye Campbell, was residing in Cookeville, Tennessee in March 1997, instead of the Hixson address listed on the summons;

3) Peggy Campbell was not authorized by Defendants to accept service of process on their behalf;

4) Plaintiffs admitted in their Motion to Remove Stay that they did not serve Defendants with the first summonses in 1997;

5) Plaintiffs requested that new process be issued by the Trial Court clerk in September 1999; and

6) Defendants were not served until October 2, 1999.

Plaintiffs filed neither a responsive brief to Defendants' motion nor a response to Defendants' Rule 56 statement. The Trial Court granted Defendants' motion for summary judgment. Plaintiffs appeal that decision.

## Discussion

Plaintiffs' argument on appeal appears to be that the Trial Court erred in granting summary judgment to Defendants because Plaintiffs' service of the first summonses and complaint in 1997 was effective under Tenn. R. Civ. P. 4.04. Plaintiffs contend that "Peggy Campbell" was the mother and wife of Defendants and signed the return mail receipts as Defendants' agent. Plaintiffs also argue on appeal that Defendants' actions are not consistent with their claim of absence of personal jurisdiction. Defendants argue that the Trial Court's granting of summary judgment was proper because there is no genuine issue of material fact regarding Plaintiffs' failure to serve Defendants with the first set of summons and to timely obtain issuance of new process resulting in a running of the statutes of limitation.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.0[4] provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both

-4-

the facts and the inferences to be drawn from the facts permit a
reasonable person to reach only one conclusion. *See McCall v.
Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900
S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "'must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999) (quoting *Byrd v. Hall*, 847 S.W.2d at 211).

In support of their motion for summary judgment, Defendants submitted sworn affidavits in which they deny receiving service of the first summonses and complaint and state that Peggy Campbell was not authorized to accept service of process on their behalf. Defendants also state in their affidavits that they were not served until October 1999. Defendants included these sworn statements in their Rule 56 statement to which Plaintiffs failed to file a response. Rule 56.03 of the Tennessee Rules of Civil Procedure provides that a summary judgment motion must be accompanied by "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Defendants did that. Rule 56.03 also states "[a]ny party opposing the motion for summary judgment must respond to each fact set forth by the movant . . . ." Tenn. R. Civ. P. 56.03. Plaintiffs did not do that. This Court has held that a party's failure to respond to the moving party's Rule 56 statement deems admitted the facts contained in the Rule 56 statement. *Simmons v. Harris*, No. M2000-00227-COA-R3-CV, 2000 WL 1586451, at * 3 (Tenn. Ct. App. Oct. 25, 2000). Plaintiffs concede the facts are not in dispute. Accordingly, we will treat the facts contained in Defendants' Rule 56 statement as undisputed. The only remaining issue under Tenn. R. Civ. P. 56 is whether Defendants are entitled to judgment as a matter of law. *See Staples v. CBL & Assoc.*, 15 S.W.3d at 88-89.

Rule 3 of the Tennessee Rules of Civil Procedure provides, in pertinent part, the following:[1]

If process remains unissued for 30 days or is not served or is not
returned within 30 days from issuance, regardless of the reason, the
plaintiff cannot rely upon the original commencement to toll the
running of a statute of limitations unless the plaintiff continues the
action by obtaining issuance of new process within one year from
issuance of the previous process or, if no process is issued, within one
year of the filing of the complaint and summons.

Rule 4.04(12) of the Tennessee Rules of Civil Procedure sets forth the requirements of service of process by mail, in pertinent part, as follows:

---

[1] We discuss the versions of Tenn. R. Civ. P. 3, 4 and 12 which were in effect at the time Plaintiffs obtained issuance of the first summonses and attempted service of process by mail in 1997.

[T]he plaintiff, the plaintiff's attorney or other authorized person for service by mail . . . shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or by statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Rule 4.03(2) of the Tennessee Rules of Civil Procedure sets forth the procedure for filing the return of service once service of process by mail is complete as follows:

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of the return receipt from the defendant. If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

We first must determine whether Plaintiffs complied with Tenn. R. Civ. P. 4 and obtained service by mail of the Defendants in March 1997. Plaintiffs had the first process issued on March 10, 1997, and returned service eight days later with the return mail receipts having been executed not by Defendants, but by "Peggy Campbell." Other than the uncontested fact that Peggy Campbell was not authorized by Defendants to accept service of process on their behalf, the record contains no proof regarding the residence of Peggy Campbell or her relationship, if any, to Defendants.

Plaintiffs argue that they obtained service in 1997 when Peggy Campbell signed the return mail receipt because, as the mother and wife of Defendants, she was acting as Defendants' agent. As discussed, there is no proof in the record supporting Plaintiffs' contention that Peggy Campbell is the mother and wife of Defendants. This argument fails because Plaintiffs are relying upon Tenn. R. Civ. P. 4.04(1) which sets forth the requirements for personal service of process. In this matter, it is undisputed that Plaintiffs' counsel elected to attempt to serve Defendants by mail, and that procedure is set forth in Tenn. R. Civ. P. 4.04(12). To effect service of process by mail, Plaintiffs' counsel was to obtain a return mail receipt showing acceptance by Defendants "or by

-6-

persons designated by Rule 4.04 or by statute." Tenn. R. Civ. P. 4.04(12). This court has discussed the procedure to be followed when attempting service by mail upon a defendant's agent as follows:

> In Tennessee, rule 4.04 specifically permits a plaintiff to serve a defendant with process by serving the defendant's authorized agent. Such a practice is permitted, regardless of whether the defendant is an individual or a corporation, provided the agent is authorized by appointment or by law to receive service on behalf of the defendant . . . .

*Boles v. Tennessee Farmers Mut. Ins. Co.*, No. M1999-00727-COA-R3-CV, 2000 WL 1030837, at * 5 (Tenn. Ct. App. July 27, 2000); *see also Pell v. City of Chattanooga*, No. E1999-01712-COA-R3-CV, 2000 WL 567821, at * 3-5 (Tenn. Ct. App. May 9, 2000) (applying Tenn. R. Civ. P. 4.04 to a delinquent property tax case in which the spouse of the defendant is designated by statute to receive service of process by mail). From the record before us, it is undisputed that Peggy Campbell was not authorized either by Defendants or by law to accept service of process, and, therefore, that Defendants were not served properly with the first summonses in March 1997. Moreover, even if Plaintiffs' counsel had attempted personal service, Plaintiffs' argument still fails because there is no proof in the record that Defendants were evading service of process and that Peggy Campbell resided with Defendants at the Hixson, Tennessee, address. *See* Tenn. R. Civ. P. 4.04(1). In fact, with respect to one Defendant, Seleta Kaye Campbell, the undisputed proof is that she did not reside at the Hixson address. Consequently, we hold that Plaintiffs did not perfect service of process in March 1997.

Next, we must determine whether Plaintiffs complied with Tenn. R. Civ. P. 3 and timely obtained issuance of new process so as to toll the running of the statutes of limitation on their claims. To be able to rely upon the original commencement to toll the running of the statutes of limitation, Tenn. R. Civ. P. 3 required Plaintiffs to obtain issuance of new process within one year from the date of issuance of the first process. In contrast, the proof in the record clearly shows Plaintiffs did not obtain new issuance of process until September 1999, two and a half years after issuance of the first process. Accordingly, Plaintiffs failed to comply with Rule 3, and as a result, the applicable statutes of limitation expired. *See* Tenn. R. Civ. P. 3; Tenn. Code Ann. §§ 28-3-104; 28-3-105.

Plaintiffs also argue on appeal that Defendants made a general appearance when they filed their motion requesting a stay of proceedings and, therefore, waived their defense based upon lack of personal jurisdiction due to insufficiency of service of process. This argument fails because Defendants filed their answer prior to filing their Motion to Stay Proceedings. The record shows that Defendants' answer asserting the defense of insufficiency of service of process was filed on April 9, 1997, at 10:19 a.m., while Defendants' Motion to Stay Proceedings was filed later that same date at 3:26 p.m. Defendants properly preserved their Rule 12 defense in their answer and did not waive this defense by filing a later motion requesting a stay. Tenn. R. Civ. P. 12.08 provides that "[a] party waives all defenses and objections which the party does not present either by motion as hereinbefore

provided, or . . . in the party's answer or reply . . . ." *See also Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1987) (holding that "if a party makes a general appearance and does not take issue with venue, adequacy of service of process, personal jurisdiction, or other similar matters . . .," then that party has waived its objections). Moreover, Plaintiffs in July 1999, acknowledged that they had not yet obtained service of Defendants in their Motion to Remove Stay in which they requested entry of an "[o]rder allowing further proceedings, such as perfecting service of process upon Defendants." This Court has held that factual statements contained in pleadings may be considered as admissions and "are conclusive against the pleader in the proceedings in which they were filed until they have been amended or withdrawn." *Pankow v. Mitchell*, 737 S.W.2d 293, 296 (Tenn. Ct. App. 1987). Accordingly, under the facts shown by the record on appeal, we hold that Defendants did not waive their defense of insufficiency of service of process by filing their motion requesting a stay of the proceedings.

Although not specifically stated as an issue by Plaintiffs, Plaintiffs have argued that they were not able to obtain issuance of new process until September 1999 because the Trial Court had imposed a stay of the proceedings until August 1999. This argument fails because Plaintiffs controlled when the stay was to be lifted since the stay was contingent upon Plaintiffs' payment of court and discretionary costs associated with their first, non-suited action. As discussed, the record shows that Plaintiffs did not pay these costs and file their Motion to Remove Stay until over two years after the Trial Court entered the Order Staying Proceedings. Plaintiffs, by failing to take action reasonably available to them, were responsible for the stay remaining in effect for as long as it did, and are, therefore, not entitled to relief based upon this argument. *See* Tenn. R. App. P. 36(a).

We hold that Defendants conclusively established their affirmative defense, and, therefore, are entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Staples v. CBL & Assoc.*, 15 S.W.3d at 88-89. We find no error by the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this matter remanded for further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. Costs of this appeal are taxed to the Appellants, Darrell L. Edwards and Arlene Edwards, and their surety.

_____
D. MICHAEL SWINEY, JUDGE